Essie Derrick v. The State.

No. 12647.   Delivered June 19, 1929.

The opinion states the case.

*Baskett & De Lee* of Dallas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is carrying a pistol; the punishment, a fine of one hundred dollars.

Appellant testified that she had started on a bona fide journey to Maude, in the State of Oklahoma, intending to go by way of Wichita Falls.   It appears that she was traveling in her automobile in the most direct and usually traveled course from her home in Dallas to Maude.   According to her testimony her husband, who had been drinking very heavily and was intoxicated, was in the car with her.   She said that she stopped on a red light on a street in the city of Dallas, and that her husband got out of the car and went in the direction of a rent car business he had formerly owned.   She followed him in an endeavor to persuade him to go home as she was afraid that his intoxicated condition would cause his arrest.   She said that he became angered at her and assaulted her, striking her in the mouth; that she drew a pistol and shot at him.   Someone having heard the shot reported the matter to officers, who arrested her as she was backing her car out of the rent car station formerly owned by her husband.   A search of her car disclosed a pistol and a small bottle of whisky.   The officers testified that they smelled whiskey on appellant's breath.   Appellant's mother testified that her daughter left her house on the occasion in question for the purpose of going to Maude, Oklahoma, where she worked for a show company.

In submitting the issue as to whether appellant was a traveler at the time she was arrested, the court instructed the jury that if they believed that she had started on a journey from her home in Dallas to some place in Oklahoma and did not deflect or turn aside from her journey on business or pleasure disconnected from her journey she would be a person traveling and should be acquitted. Appellant timely excepted to that portion of the charge predicating her right to an acquittal on the finding that she did not deflect or turn aside from her journey on business or pleasure disconnected with her journey and presented a correct special charge on the subject. We are of the opinion that the evidence fails to raise the issue that appellant had turned aside or deflected from her journey on business or pleasure disconnected with said journey. The only testimony of the State on this issue seems to have been that she was found backing her car out of a rent car station which was at a place a short distance away from the road that she claimed she had been traveling on her journey to Oklahoma. Her own testimony was to the effect that she had deflected to this extent for the purpose of persuading her husband to return home. We perceive nothing in the record which showed any substantial deflection from the route to Oklahoma. Hence the objection to the charge was well-taken. Hunt v. State, 52 Tex. Cr. R. 477.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.